**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN**

| | |
|---|---|
| GABRIEL GRIFFIN,<br><br>         Petitioner,<br><br>v.<br><br>SHERIFF ERIC SEVERSON,<br><br>         Respondent. | Case No. 17-CV-806-JPS<br><br>**ORDER** |

  This case comes before the Court on a petition for a writ of habeas corpus filed by petitioner Gabriel Griffin ("Griffin") pursuant to 28 U.S.C. § 2241, challenging the propriety of on ongoing federal criminal proceeding. (Docket #1).

  Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts authorizes a district court to conduct an initial screening of habeas corpus petitions and to dismiss a petition summarily where "it plainly appears from the face of the petition…that the petitioner is not entitled to relief."[1] This rule provides the district court the power to dismiss both those petitions that do not state a claim upon which relief may be granted and those petitions that are factually frivolous. *See Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993). Upon an initial Rule 4 review of habeas petitions, the court will analyze whether the petitioner has avoided statute of limitations bars, exhausted available state remedies, avoided procedural default, and set forth cognizable constitutional or federal law claims.

---

[1] Rule 1(b) of those Rules and Civil Local Rule 9(a)(2) give this Court the authority to apply the rules to other habeas corpus cases, including the rule permitting screening of the petition.

Griffin claims that the United States Attorney's Office for this District has violated the Interstate Agreement on Detainers ("IAD"), codified by 18 U.S.C. App. 2 § 2, in prosecuting him in federal criminal case *United States v. Gabriel Griffin*, 15-CR-238-LA-2. (Docket #1 at 10). Griffin asserts that he gave appropriate notice as required by the IAD but has not been brought to trial within the prescribed time. *Id.*; *see also* (Case No. 15-CR-238-LA-2, Docket #71). Griffin seeks dismissal with prejudice of the indictment in that case. (Docket #1 at 12).[2]

Griffin's attempted collateral attack on a pending charge must be rejected. Federal pretrial detainees may utilize Section 2241 to seek release from custody, but only once they have exhausted other available remedies. *Alden v. Kellerman*, 224 F. App'x 545, 547 (7th Cir. 2007). Griffin's concern is one that may be raised in a pretrial motion within the criminal case and, if such a motion were denied, could be challenged on appeal. Griffin's claim is thus prematurely presented in this Court. *Alden*, 224 F. App'x at 547; *Williams v. Hackman*, 364 F. App'x 268, 268 (7th Cir. 2010) ("[A] federal pretrial detainee cannot use § 2241 to preempt the judge presiding over the criminal case."); *Griffin v. Clarke*, No. 05-C-0978, 2005 WL 2653810, at *2 (E.D. Wis. Oct. 17, 2005) (habeas proceedings should not be turned into "a pre-trial motion forum"); *Griffin v. Clarke*, No. 15-C-1475, 2016 WL 8715630, at *1 (E.D. Wis. Jan. 22, 2016) (rejecting a similar claim made by Gabriel Griffin's co-defendant in 15-CR-238, Peter Griffin). This Court will not entertain Griffin's inappropriate attempt to derail his pending criminal case. His petition will be denied and this action will be dismissed.

---

[2]It appears that a jury trial in that case has been scheduled for May 21, 2018, and that Griffin has been released on bond pending trial. *See* (Case No. 15-CR-238-LA-2, Docket #91, #92 and #94).

Finally, under Rule 11(a) of the Rules Governing Section 2254 Cases, "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." To obtain a certificate of appealability under 28 U.S.C. § 2253(c)(2), Griffin must make a "substantial showing of the denial of a constitutional right" by establishing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal citations omitted). Further, when the Court has denied relief on procedural grounds, the petitioner must show that jurists of reason would find it debatable both that the "petition states a valid claim of the denial of a constitutional right" and that "the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). No reasonable jurists could debate whether Griffin's claim has merit. As a consequence, the Court is compelled to deny him a certificate of appealability.

Accordingly,

**IT IS ORDERED** that Griffin's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Docket #1) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that a certificate of appealability as to Griffin's petition (Docket #1) be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED**.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 26th day of March, 2018.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge